UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TAMARA O'REILLY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18-cv-01283-RLW |
| | ) | |
| v. | ) | |
| | ) | |
| DAUGHERTY SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND DEFENSES

COMES NOW, Defendant Daugherty Systems, Inc., d/b/a Daugherty Business Solutions ("Defendant"), by and through undersigned counsel, and hereby submits its Answer and Affirmative Defenses.

1.      Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

### Jurisdiction and Venue

4.      Defendant admits the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 but denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      Defendant admits that venue is proper in this District, but denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

### Parties

6.      Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## **General Allegations**

8.      Defendant admits that Plaintiff was employed by Defendant, but denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint

10.     Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

## **Defendant's Pay Practices**

11.     Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

## **Defendant's Flawed Pay Practices**

12.     Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

## Collective Action Allegations

27.     Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

## Count I

**Violation of the Fair Labor Standards Act of 1938, As Amended by the Equal Pay Act of 1963, Denial of Equal Pay for Equal Work, 29 U.S.C. §206, et seq., On Behalf of the Collective Class Representative, In Her Individual and Representative Capacities, and the Equal Pay Act Class against Defendant Daugherty**

36.     Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

## Demand for Jury Trial

46.     Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

## Prayer for Relief on Collective Action

47.     Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

## DEFENSES

A.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

B.     Plaintiff's claims for relief are barred by the applicable statute of limitations.

C.     Any and all actions taken with respect to Plaintiff's employment including were made for legitimate, nondiscriminatory reasons and not because of her gender.

D.     Plaintiff's claims are barred by the doctrines of accord and satisfaction, waiver, laches, and estoppel

E.     Plaintiff's claims are barred because of her election of remedies.

F.     Plaintiff has made no reasonable efforts to mitigate the damages that she alleges.

G.     Plaintiff is not entitled to exemplary or punitive damages.

H.     Plaintiff's own conduct, as well as other conduct and events, contributed in whole or in part to Plaintiff's alleged damages.

I.     Any difference in the amount of pay between the jobs was not because of Plaintiff's sex but was the result of a system measuring earnings by quantity or quality of production, merit system, or based on a factor other than sex.

J.     Plaintiff is not a proper representative for a collective action under the FLSA because she cannot establish that she is similarly situated to any other employee.

K.     A collective action pursuant to the FLSA is improper because Plaintiff cannot establish the prerequisites required by the FLSA.

L.     Plaintiff is not entitled to liquidated damages because Defendant's alleged acts or omissions were in good faith and based on reasonable grounds for believing the alleged acts or omissions were not a violation of the FLSA.

Respectfully Submitted,

**HESSE MARTONE, P.C.**

By:    */s/ Abigail B. Schwab*
        Andrew J. Martone, #37382
        Abigail B. Schwab, #61129
        Willie T. McGarry, #68244
        13354 Manchester Road, Suite 100
        St. Louis, Missouri 63105
        (314) 862-0300 – Telephone
        (314) 862-7010 – Facsimile
        andymartone@hessemartone.com
        abbyschwab@hessemartone.com
        williemcgarry@hessemartone.com

        *Attorneys for Defendant Daugherty Systems, Inc.*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system, this 2nd day of October 2018, to:

    Matthew J. Ghio #44799
    Ghio Law Firm LLC
    3115 S. Grand, Suite 100
    St. Louis, Missouri 63118
    (314) 707-5853
    (314) 732-1404 (fax)
    matt@ghioemploymentlaw.com

        */s/ Abigail B. Schwab*