IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMARA O'REILLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:18-CV-1283-RLW |
| v. ) | |
| ) | |
| DAUGHERTY SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**CONFIDENTIAL INFORMATION PROTECTIVE ORDER**

It is hereby ordered, for good cause shown, that:

1. The Parties acknowledge that during the course of this litigation ("Litigation"), Plaintiff Tamara O'Reilly ("Plaintiff") and Defendant Daugherty Systems, Inc. ("Defendant") (Plaintiff and Defendant herein collectively referred to as the "Parties") may or will disclose or produce certain information and documents such as, but not limited to, confidential business, financial, employment, and/or personal information, the unprotected disclosure of which would have an adverse and detrimental impact on the legitimate interests of the disclosing party. The Parties agree that entry of a Confidential Information Protective Order pursuant to Fed. R. Civ. P. 26(c) is necessary to prevent unauthorized disclosure and to direct the use of this confidential information during the course of this Litigation.

2. A party disclosing any information which the party reasonably believes to be confidential, and is not otherwise publicly available, may designate it as **"Confidential"** (hereinafter "Confidential Information"). Designation of the Confidential Information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "Confidential". Alternatively, a party disclosing especially sensitive information including, but not limited to, Defendant's revenue or profits, the profitability (real or

projected) of any of Defendant's branches, bi-weekly reports detailing the financial results and metrics of any of Defendant's branches, (except as otherwise publicly available) or compensation information (including but not limited to base and incentive compensation information) related to employees or applicants for employment, may designate it as **"Confidential - Attorneys' Eyes Only"** (hereinafter "Attorneys' Eyes-Only Information"). Designation of the Attorneys' Eyes-Only Information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the words "Confidential Attorneys' Eyes Only". Nothing herein should be construed to presume that the Parties consent to or otherwise waive their objections to disclosing or producing any sensitive financial, compensation and/or other information or documents in this Litigation – all objections to any such disclosure or production are expressly reserved.

The Parties also anticipate that discovery in this litigation may involve the production of customer or client information that is not otherwise publicly available. The Parties acknowledge that such information may be especially sensitive. Accordingly, prior to the production of such information, Defendant may initiate a dialogue with Plaintiff's counsel regarding the production of the documents in an effort to determine whether the Parties can agree that such documents or information should be designated as "Attorneys' Eyes Only." If no agreement can be reached, then the matter shall, if necessary, be brought to the Court's attention.

    3.    Confidential Information and Attorneys' Eyes-Only Information shall be used and disclosed solely for legitimate purposes of this Litigation, in conjunction with motions, hearings, depositions, or witness preparation, and preparation for any other proceeding connected with this Litigation. Such use shall be subject to the restrictions of this Order. Confidential Information and Attorneys' Eyes-Only Information shall not be used or disclosed in any proceedings other

than this Litigation or to further or disrupt the personal or business interests of any person (other than the preparation and prosecution of claims and defenses in this Litigation). Under no circumstance will any party or the representative(s) of any party to this Litigation provide or disclose any Confidential Information or Attorneys' Eyes-Only Information that has been provided, produced, or obtained during this litigation except as otherwise expressly allowed under the terms of this Order.

4. Confidential Information may be published, circulated, disclosed, delivered, or made available only to those persons identified in Paragraph 5 of this Order and to no one else, except as specifically provided herein. If any person is shown documents protected by this Order, that person shall be advised of this Order and its meaning and purpose and shall be provided a copy. Additionally, any person identified in subparts b and c of Paragraphs 5 below, to whom confidential information or documents may permissibly be disclosed under this Order, shall execute the form attached as Exhibit "A" to this Order ("Acknowledgement and Agreement to Terms of Confidential Information Protective Order"), confirming their agreement to be bound by the terms and provisions of this Order.

5. Documents, discovery responses, deposition transcripts and materials designated as Confidential Information and stamped "Confidential" and the information contained therein may be disclosed only as follows:

a. Confidential Information may be disclosed to the Court, the parties, their attorneys, and to members of the paralegal, secretarial or clerical staff (including shorthand or court reporters) assisting such counsel and other attorneys employed by or consulting with the attorneys of record for purposes of this Litigation, and other employees and/or consultants of

such attorneys to whom it is reasonably necessary that Confidential Information be shown for purposes of this Litigation;

      b.     Counsel may disclose Confidential Information to expert witnesses who have been disclosed in accordance with Fed. R. Civ. P. 26(a)(2). Before any confidential information or document is disclosed to them, such experts shall (1) be provided a copy of this Order and agree to be bound by its terms and provisions, (2) execute the form attached as Exhibit "A" to this Order, (3) agree to destroy all Confidential Information and any notes made therefrom at the conclusion of this Litigation, and (4) certify in writing to counsel of record that such destruction has taken place;

      c.     Confidential Information may be disclosed to any person, including the Parties and their representatives, who is testifying (or who is preparing to testify) in a deposition, hearing, trial, or other proceeding in this Litigation, and any court reporter or videographer recording such testimony, provided that counsel disclosing the Confidential Information has a good faith basis for believing that those specific materials may be relevant to the person's testimony or knowledge. Any such person to whom Confidential Information is disclosed shall be advised of this Order and its meaning and purpose, shall be provided a copy this Order, and further shall execute the form attached as Exhibit "A" to this Order, confirming their agreement to be bound by the terms and provisions of this Order;

      d.     Confidential Information may be disclosed to any person who a party's counsel reasonably believes has personal knowledge directly relevant to the claims and/or defenses in this litigation, but only to the extent such Confidential Information directly relates to the person's personal knowledge relevant to this litigation. Any such person to whom Confidential Information is disclosed shall be advised of this Order and its meaning and purpose,

shall be provided a copy this Order, and further shall execute the form attached as Exhibit "A" to this Order, confirming their agreement to be bound by the terms and provisions of this Order; and

  e. Pursuant to Court Order.

6. Attorneys' Eyes-Only Information may be published, circulated, disclosed, delivered, or made available only to those persons identified in Paragraph 7 of this Order and to no one else, except as specifically provided herein. If any person is shown documents protected by this Order, that person shall be advised of this Order and its meaning and purpose, shall be provided a copy this Order, and further shall execute the form attached as Exhibit "A" to this Order, confirming their agreement to be bound by the terms and provisions of this Order.

7. Documents, discovery responses, deposition transcripts and materials designated as Attorneys' Eyes-Only Information and stamped "Confidential Attorneys' Eyes Only" and the information contained therein may be disclosed only as follows:

  a. Information designated Attorneys' Eyes Only Information by a party may be disclosed to the Court, outside counsel for the parties, and to members of the paralegal, secretarial or clerical staff (including shorthand or court reporters) assisting such outside counsel to whom it is reasonably necessary that the Attorneys' Eyes Only Information be shown for purposes of this Litigation, but only under the circumstances described by this Order may it be disclosed to any of the other parties to this Litigation;

  b. Counsel may disclose Attorneys' Eyes-Only Information to any expert witnesses who have been disclosed in accordance with Fed. R. Civ. P. 26(a)(2) and whose testimony relates to the information contained in the documents marked as Attorneys' Eyes Only. Before any Attorneys' Eyes Only Information or document is disclosed to them, such

experts shall (1) be provided a copy of this Order and agree to be bound by its terms and provisions, (2) shall execute the form attached as Exhibit "A" to this Order, (3) shall destroy all Attorneys' Eyes Only Information and any notes made therefrom at the conclusion of this Litigation and (4) certify in writing to counsel of record that such destruction has taken place;

        c.     Attorneys' Eyes Only Information may be disclosed to any person, including the Parties and their representatives, who is testifying in a deposition, hearing, trial or other proceeding in this Litigation, and any court reporter or videographer recording such testimony, during such testimony in the presence of outside counsel for Plaintiff and Defendant, provided that counsel disclosing the Attorneys' Eyes Only Information (a) has a good faith basis for believing that those specific materials may be relevant to the person's testimony or knowledge, and (b) provides advance notice of no less than three (3) business days to all other counsel and an opportunity to remove from the proceeding all persons not authorized to receive the Attorneys' Eyes Only Information (including Plaintiff) while the Attorneys' Eyes Only Information is visible or discussed;

        d.     Except as provided in subpart b of this paragraph, outside counsel for the Parties and others with permitted access to the Attorneys' Eyes-Only Information shall not disclose it to any person or use it for any purpose except the prosecution or defense of this Litigation; and

        e.     Pursuant to Court Order.

    8.    Nothing in the provisions of Paragraph 7 of this Order shall be construed to bar or otherwise restrict outside counsel for a party from rendering advice to that party with respect to this Litigation and, in the course thereof, from relying upon outside counsel's examination of Attorneys' Eyes Only Information, provided that no disclosure of the substance of any

Attorneys' Eyes Only Information shall be made except to persons permitted access as provided in this Order.

9. Persons having knowledge of Confidential Information or Attorneys' Eyes Only Information by virtue of their participation in the conduct of this Litigation shall not disclose such Confidential Information or Attorneys' Eyes Only Information, its contents or any portion or summary thereof to any person or persons except in accordance with this Protective Order and/or any other Court Order; however, nothing herein will prevent any party from using any such Confidential Information or Attorneys' Eyes Only Information in connection with the deposition(s) of any party or anyone who has seen or been properly provided with or who prepared such Confidential Information or Attorneys' Eyes Only Information, subject to the notice requirements set forth in paragraph 7(c) above. The Parties further agree that Plaintiff shall not disclose any Confidential Information, including Attorneys' Eyes Only Information, to anyone and that Plaintiff shall execute the form attached as Exhibit "A" to this Order promptly upon the Parties' agreement to the terms of this Confidential Information Protective Order, a copy of which shall be furnished to counsel for Defendant immediately thereafter.

10. When any Confidential Information or Attorneys' Eyes Only Information is incorporated in a transcript of a deposition, hearing, or trial, the attorney for the Party claiming confidentiality shall arrange with the court reporter or presiding officer attending such deposition to bind the confidential portion of such transcript separately and label such portion of such transcript separately and label such portion as "CONFIDENTIAL PURSUANT TO COURT ORDER" or "CONFIDENTIAL ATTORNEYS' EYES ONLY PURSUANT TO COURT ORDER", as applicable, within ten (10) days of such deposition, hearing or trial.

11. In the event that a highly sensitive document is mistakenly produced without the proper "Confidential Information" or "Confidential Attorneys' Eyes Only" designation, the producing party may notify the receiving party in writing of the improper or overlooked designation and request that it be modified to reflect the proper designation. The receiving party shall promptly modify the document's designation to reflect the producing party's request.

12. An "Inadvertently Produced Document" is a document produced to a party that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product privilege, or other applicable privilege.

13. Inclusion of any Inadvertently Produced Document in a production shall not result in the wavier of any privilege or protected associated with such document, nor result in a subject matter waiver of any kind.

14. A producing party may demand the return of any Inadvertently Produced Document, which demand shall be made to the receiving party's counsel in writing and shall contain information sufficient to identify the Inadvertently Produced Document. Within five (5) business days of the demand for the Inadvertently Produced Document, the producing party shall provide the receiving party with a privilege log for such document that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege for the Inadvertently Produced Document. In the event that any portion of the Inadvertently Produced Document does not contain privilege information, the producing party shall also provide a redacted copy of the Inadvertently Produced Document that omits the information that the producing party believes is subject to a claim of privilege.

15. Upon receipt of a written demand for return of an Inadvertently Produced Document, the receiving party shall immediately return the Inadvertently Produced Document

(and any copies thereof) to the producing party and shall immediately delete all electronic versions of the document.

16. The receiving party may object to the producing party's designation of an Inadvertently Produced Document by providing written notice of such objection within five (5) business days of its receipt of a written demand for the return of an Inadvertently Produced Document. Any such objection shall be resolved by the Court after an in camera review of the Inadvertently Produced Document. Pending resolution of the matter by the Court, the parties shall not use any documents that are claimed to be Inadvertently Produced Documents in this litigation.

17. Nothing in this Confidential Information Protective Order shall serve to limit or restrict the admission of any Confidential Information or Attorneys' Eyes-Only Information at any hearing or trial in this matter. The use of such information as evidence at any hearing or trial in this matter shall be subject to such Order of the Court as may, at that time, be reasonably necessary to preserve the confidentiality of the information involved.

18. Nothing in this Confidential Information Protective Order shall serve to limit or restrict the use of any documents or information that a party obtains or possesses prior to this Litigation and/or from sources outside of this Litigation discovery process, unless such documents or information are subject to another applicable agreement restricting its confidentiality or use. In such a situation, the use of documents or information shall continue to be governed by the applicable agreement.

19. The Parties may agree, in writing, to amend the provisions of this Confidential Information Protective Order, including to modify the scope of information or documents that may be subject to Confidential or Attorneys' Eyes-Only protection. The Parties are also directed

to confer, if necessary, in order to address and try to resolve any problems relating to implementation of this Stipulated Confidential Information Protective Order. Nothing in this Stipulated Confidential Information Protective Order shall prevent any party from requesting modifications as may be necessary to help avoid unnecessary expense or any practical problems that may arise.

20. Any materials containing Confidential Information or Attorneys' Eyes-Only Information used in connection with any motion, hearing or deposition in the action shall be filed under seal or submitted to the Court for *in camera* inspection and shall be made available only to the Court and to persons authorized by the terms of this Order to have access thereto. Any such motion, deposition and/or transcript of any hearing will also remain confidential to the extent any Confidential Information or Attorneys' Eyes-Only Information is used or referenced. Any document or thing containing or embodying Confidential Information or Attorneys' Eyes-Only Information that is to be filed in this action shall be filed in sealed envelopes or other sealed containers which shall bear the caption of the case, shall identify the contents for docketing purposes and shall bear a statement substantially in the form:

> ***CONFIDENTIAL – FILED UNDER PROTECTIVE ORDER***. *This envelope is not to be opened nor the contents thereof displayed or revealed except by order of the Court or by agreement of the Parties.*

21. Within thirty (30) days of the entry of a final order concluding this judicial proceeding, and any appeal(s) thereof, all Confidential Information, Attorneys' Eyes-Only Information and any copies shall be returned to each party's counsel upon written request.

22.     The Court shall retain jurisdiction over the parties and their counsel at the Conclusion of this case as necessary to ensure enforcement of this Stipulated Confidential Information Protective Order.

23.     This Order shall be binding upon the parties hereto, their successors, representatives, and assigns, as well as all counsel for the Parties hereto and their paralegals and office employees.

24.     This Order governs the handling of any confidential information already produced or to be produced in this matter.

25.     Material designated as Confidential Information or Attorneys' Eyes-Only Information, and which is subject to dispute as to whether it is confidential shall, until further order of the Court, be treated as confidential in accordance with the provisions of this Protective Order.

For good cause shown, the Court enters the above Stipulated Confidential Information Protective Order.

**IT IS ORDERED** this 16th day of April 2019.

_Ronnie L. White_
Honorable Judge Ronnie L. White

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TAMARA O'REILLY, | ) |
| | ) |
| Plaintiff, | ) |
| | )   No. 4:18-CV-1283-RLW |
| v. | ) |
| | ) |
| DAUGHERTY SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

**ACKNOWLEDGEMENT AND AGREEMENT TO TERMS OF
CONFIDENTIAL INFORMATION PROTECTIVE ORDER**

   I have been informed about and provided a copy of the Confidential Information Protective Order (hereinafter, "Order") that has been entered by the Court in the above Litigation. I acknowledge, understand and agree to abide by the terms of that Order, which generally protect and restrict use and potential disclosure of confidential business, financial, employment, and/or personal information and documents (hereinafter, "Confidential Information").

   I specifically acknowledge, understand and agree that I am prohibited from disclosing or sharing Confidential Information that may be disclosed to me under the terms of the Order. I further acknowledge, understand and agree that I may be required to destroy all Confidential Information documents shared or disclosed to me and any notes made therefrom, and to certify in writing to counsel of record that such destruction has taken place.

_____
Name

_____
Signature

_____
Date