UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TAMARA O'REILLY, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-cv-01283 SRC |
| | ) | |
| DAUGHERTY SYSTEMS, INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Tamara O'Reilly's Combined Motion for Conditional Collective Action Certification Pursuant to 29 U.S.C. § 216(b) [47]. The Court grants the Motion.

## I. BACKGROUND

O'Reilly filed this putative collective action claiming Daugherty discriminated against female consultants and support staff by providing them with lower pay than similarly-situated male consultants and support staff, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the Equal Pay Act, 29 U.S.C. § 206, *et seq*. In her Motion, O'Reilly asks the Court to conditionally certify her collective action and authorize notice of the case to the putative class – all consultants and sales executives employed by Defendant Daugherty Systems, Inc. at any time within the last three years.

## II. STANDARD

Under the FLSA, plaintiffs may sue for failure to pay overtime and other violations of the statute on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b). "Similarly situated" is not defined by the statute. The Eighth Circuit held that plaintiffs may be

1

similarly situated if "they suffer from a single, FLSA-violating policy . . ." *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014), *aff'd and remanded*, 136 S. Ct. 1036 (2016) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009)). When making this determination, the Court may consider "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations." *Id.* (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001)).

## III. DISCUSSION

### A. Conditional Certification Standard

When applying the FLSA to a potential group of plaintiffs, district courts in this circuit apply a two-step analysis. *Getchman v. Pyramid Consulting, Inc.*, No. 4:16-CV-1208 CDP, 2017 WL 713034, at *4 (E.D. Mo. Feb. 23, 2017) (collecting cases). In the first step, the plaintiff moves for conditional certification "for notice purposes at an early stage of the litigation." *Id.* In the second step, the court determines, after the close of discovery, whether the plaintiffs are actually similarly situated. *Id.* The plaintiffs' burden for the first step "is not onerous." *Id.* (citing *Kautsch v. Premier Comm'ns*, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007)). Plaintiffs need only provide "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id.* (quoting *Davis v. Novastar Mortgage, Inc.*, 408 F. Supp. 2d 811 (W.D. Mo. 2005)). Granted, plaintiffs cannot meet this burden by providing "[u]nsupported assertions that FLSA violations were widespread," or assertions "not based on personal knowledge." *Haynes v. Singer, Co.*, 696 F.2d 884, 887 (11th Cir.1983); *Settles v. Gen. Elec.*, No. 12-00602-CV-W-BP, 2013 WL 12143084, at *2 (W.D. Mo. Feb. 19, 2013).

Daugherty argues a heightened standard should apply in this case because the parties have conducted some discovery. In *McClean v. Health Systems, Inc.*, the district court described the various standards used by different courts to conditionally certify a class. No. 11-03037-CV-S-DGK, 2011 WL 6153091 (W.D. Mo. Dec. 12, 2011). In Missouri, district courts tend to apply the more lenient standard, described above, before discovery has started in a case, or even after discovery has started. *Id*. at *3. Other courts apply an intermediate standard of review when the parties have engaged in substantial discovery. *Id*. at *4. Each of these courts applies the intermediate standard differently. *Id*. Some courts use the decertification factors, commonly applied in the second-step of the process, while others require modest factual support for the class allegations rather than allowing the plaintiff to rely on the allegations in the complaint. *Id*. Finally, others courts reject the lenient standard but do not articulate an alternative. *Id*.

In *Kayser v. Southwestern Bell Telephone Company*, this Court applied an intermediate standard. 912 F. Supp. 2d 803, 812 (E.D. Mo. 2012). The Court compared the allegations in the complaint with the factual record assembled in discovery to determine whether the plaintiffs had made a sufficient showing, beyond their allegations, that would tend to make it more likely that a class of similarly-situated employees exist. *Id*. However, the Court will not apply the intermediate standard here. Unlike in *Kayser*, where the parties had sufficient facts and evidence from discovery to present a motion for summary judgment along with the motion for conditional certification, the parties here have conducted minimal written and deposition discovery. Consequently, the Court will apply the more lenient standard.

    **B.**    **Conditional Certification**

O'Reilly asserts that the proposed collective class members – consultants and sales executives – perform the same duties as their male counterparts, they were all subject to the same

compensation policies and practices, which the two owners of the company implemented for all employees regardless of job title, salary grade, or geographic location, that the limited data provided by Daugherty confirms gender-based pay discrimination, and that each declarant identified similarly-situated male employees paid more for substantially the same work. O'Reilly submitted the employee handbook, Daugherty's list of titles and roles of employees, two declarations of female employees, and a limited list of employee names, genders, titles and roles, and annual salaries.

In her declaration, O'Reilly explains that through a centralized decision-making structure, Jan and Ron Daugherty controlled the setting of compensation, with recommendations from John Wirth, Mike Garofolo, and Dave Hoyt. O'Reilly knew of this process because of her conversations with Wirth and Dave Oleska about compensation for employees O'Reilly supervised. O'Reilly provided examples of male employees who had a higher base compensation/annual salary than she. Specifically, O'Reilly referred to Drew Davis, a male employee with the same job title and same job duties as hers but who was paid $75,000 more.

Rebecca Fuqua's declaration contains similar statements as O'Reilly's. Fuqua also explained that while Daugherty used more than fifty combinations of titles and roles for employees, Daugherty grouped employees performing similar job duties into the same department codes: 003 for sales, 007 for delivery management, and 110 for consultants. She also described the primary responsibilities and job duties of employees in each department. She further stated that regardless of job title, salary grade, or geographic location of branches, Jan Daugherty took a first pass at all compensation decisions, she did this in consultation with Ron Daugherty, and Jan and Ron Daugherty had the final say on compensation for every employee.

Fuqua stated that Jan Daugherty approved her timesheets even though she reported to John Wirth.

After the Court compelled it to do so, Daugherty provided O'Reilly with a limited list of employees from August 1, 2015, to the present, categorized by branch and department. The list only includes employees in department codes 003, 007, and 110 and includes the employee's name, gender, title and role, and annual salary. This list shows that in the St. Louis branch, in department codes 003 and 007, the top earners are male, in the Atlanta, Minneapolis, and Dallas branches, the top earners in each department code are male, and in Chicago, in department codes 003 and 110, the top earners are male.

Altogether, the Complaint, the declarations, and the employee salary data provide "substantial allegations" that Daugherty had a single decision, policy, or plan to pay female employees less than male employees doing the same work. Although Daugherty presents some evidence that employees had different job responsibilities and duties, O'Reilly makes a sufficient factual showing that members of the proposed class are similarly situated. The Court notes that O'Reilly's proposed class – all consultants and sales executives employed by Daugherty at any time within the last three years – is not limited to female employees. Because O'Reilly's Complaint alleges that Daugherty paid female employees less than male employees, the Court restricts the proposed class to female employees.

**C.     Notice Dissemination**

O'Reilly asks the Court to approve the notice and consent-to-join forms attached to her Motion. She also requests that the Court order Daugherty to produce the names, addresses, social security numbers, and dates of employment of potential plaintiffs. Daugherty objects to

the request for phone numbers and social security numbers and objects to giving potential class members 90 days to opt-in to the collective action.

The Court approves the notice and consent-to-join forms attached to O'Reilly's Motion with a 60-day opt-in period. The Court also orders Daugherty to produce the names, addresses, and dates of employment of potential plaintiffs within 14 days of the date of this order. The Court will not require Daugherty to produce social security numbers or phone numbers as O'Reilly has not shown she is entitled to such information at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Tamara O'Reilly's Combined Motion for Conditional Collective Action Certification Pursuant to 29 U.S.C. § 216(b) [47] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Daugherty Systems, Inc. must provide the names, addresses, and dates of employment of potential plaintiffs no later than April 14, 2020.

**IT IS FURTHER ORDERED** that Plaintiff Tamara O'Reilly shall issue notice to potential plaintiffs no later than May 5, 2020.

So Ordered this 31st day of March, 2020.

*SL R. CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**