UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMARA O'REILLY, ) | |
| ) | |
|    Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:18-cv-01283-SRC |
| ) | |
| DAUGHERTY SYSTEMS, INC., ) | |
| ) | |
|    Defendant(s). ) | |

**SECOND AMENDED CASE MANAGEMENT ORDER**

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

**I.   SCHEDULING PLAN**

1.   This case has been assigned to Track 3 (Complex).

2.   Disclosure shall proceed in the following manner:

(a)   Plaintiff shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2), no later than **November 3, 2020**, shall make expert witnesses available for depositions, and have depositions completed, no later than **December 1, 2020.**

(b)   Defendant shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2), no later than **December 1, 2020**, shall make expert witnesses available for depositions, and have depositions completed, no later than **January 4, 2021**.

(c)   The presumptive limits of twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a), shall apply. The parties have agreed to eighteen (18) depositions per party. The Court does not anticipate granting an extension of the discovery completion deadline based on the number of depositions requested by the parties.

(d)   All discovery shall be completed no later than **January 11, 2021**.

(e)   Discovery motions shall be pursued in a diligent and timely manner, but in no event filed no later than **December 22, 2020**. Counsel shall refer to my Requirements regarding discovery motions, which can be found on the Eastern District of Missouri's website.

      4.     This case shall be referred to alternative dispute resolution on **July 7, 2020**, and that reference shall terminate on **August 14, 2020**.

      5.     Any motion for decertification must be filed no later than **January 19, 2021**. Opposition briefs must be filed within thirty (30) days and any reply briefs shall be filed within fifteen (15) days. No extensions to this briefing schedule are anticipated.

      6.     Any Daubert motions, motions to dismiss, motions for summary judgment, or motions for judgment on the pleadings, must be filed no later than **March 1, 2021.**   Local Rule 4.01 governs response times for all motions unless otherwise provided by order of the Court.

      7.     The pretrial conference will be held on **June 8, 2021**, at **9:00 a.m.**

## II.    ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on **June 14, 2021**, at **9:00 a.m.** This is a three- week docket.

Pursuant to Local Rule 8.04 the court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty-one (21) days prior to the date set for trial:**

      **1.**     <u>Stipulation</u>:   Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

      **2.**     <u>Witnesses</u>:

      (a)     Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

      (b)     Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

      **3.**     <u>Exhibits</u>:

      (a)     Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs shall use numbers and defendants shall use letters for exhibits. If you are a defendant and have more than 26 exhibits (A through Z), use AA, AB, AC . . . AZ, followed by BA, BB, etc.) and deliver to opposing counsel and to the Court a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.   The list shall clearly

indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

(b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c) No exhibit shall be shown to the jury until it is received in evidence or the Court has granted permission for the exhibit to be shown to the jury. Exhibits may be used in opening statements with consent of opposing counsel.

(d) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing **at least fourteen (14) days prior to trial** may be considered waived.

**4.** Depositions, Interrogatory Answers, and Request for Admissions:

(a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. **At least fourteen (14) days before trial,** opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

**5.** Instructions:

(a) Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions **at least fourteen (14) days before trial** in light of opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.)

(b) Eighth Circuit Jury Instructions will be used in all cases if available. If instructions from any other source are proffered, they must be accompanied by case authority.

(c) Parties shall submit a clean copy and a dirty copy of each instruction proffered. A clean copy for the jury will reflect only "Instruction No. ____" at the top with no further explanatory comments at the top or bottom of the page.

      **6.**    <u>Trial Brief</u>:  Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

      **7.**    <u>Motions In Limine</u>:  File all motions in limine to exclude evidence, and submit a courtesy copy directly to the Court's chambers, **at least fourteen (14) days before trial.**

    So Ordered this 11th day of May, 2020.

                                                                  _SLR.CR_

                                         STEPHEN R. CLARK
                                         UNITED STATES DISTRICT JUDGE