UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TAMARA O'REILLY, | ) | |
| | ) | |
|     Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-cv-01283 SRC |
| | ) | |
| DAUGHERTY SYSTEMS, INC., | ) | |
| | ) | |
|     Defendant(s). | ) | |

### Order

This matter comes before the Court on [93] Defendants Daugherty Systems, Inc.'s Motion to Dismiss Certain Opt-In Plaintiffs. The Court grants the motion.

The Court previously ordered Plaintiffs to respond to Daugherty's interrogatories no later than December 20, 2020. Doc. 87. Plaintiffs Rene Benson, Elinam Adjogble, Nicole Oberdas, Lisa Kotasek, Seema Paul, Kristen DeWitty, Holly Metzger and Ariel Shield have not responded. Doc. 93 at 1. Plaintiffs Oberdas, Kotasek, DeWitty, and Metzger intend to withdraw from this action. *Id.*; Doc. 93-1 at ¶ 3, 5. As to Plaintiffs Benson, Adjogble, Paul, and Shield, the remaining opt-in plaintiffs that have not responded to Daugherty's interrogatories, Plaintiffs' counsel has been unable to communicate with them. Accordingly, Daugherty Systems moves to dismiss these plaintiffs from this action pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). Plaintiffs' counsel does not oppose the dismissal of these plaintiffs. Doc. 93 at 2.

Federal Rule of Civil Procedure Fed. R. Civ. P. 37(b)(2)(A) provides that if any party "fails to obey an order to provide or permit discovery," the court may sanction the disobedient party by "dismissing the action or proceeding in whole or in part." Dismissal under Rule 37(b) is appropriate if there is "(1) an order compelling discovery, (2) a willful violation of that order,

1

and (3) prejudice to the other party." *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (citation omitted).  "[B]efore dismissing a case under Rule 37(b)(2) the court must investigate whether a sanction less extreme than dismissal would suffice, *unless* the party's failure was deliberate or in bad faith." *Comstock v. UPS Ground Freight, Inc.,* 775 F.3d 990, 992 (8th Cir. 2014) (emphasis in original) (citations and internal quotation marks omitted).

     Here, Plaintiffs Benson, Adjogble, Paul, and Shield willfully violated the Court's Order to respond to Daugherty's interrogatories.  *See Burkes v. Coreslab Structures Missouri, Inc.*, No. 4:19-CV-01005-SRB, 2020 WL 3273042, at *4 (W.D. Mo. June 17, 2020) (finding a willful violation when nothing indicated that the failure to respond was accidental or involuntary).  The failure to respond prejudiced Daugherty by preventing it from assessing these plaintiffs' claims and depriving it of information necessary to prepare for depositions and present a motion for decertification.  *Denton v. Mr. Swiss of Missouri, Inc.*, 564 F.2d 236, 241 (8th Cir. 1977) (noting that prejudice occurs when the willful violation of the Court's orders prevents opposing parties from adequately preparing their case for trial because of the absence of crucial, factual information).  The Court also finds that other sanctions would not suffice because these plaintiffs have failed to respond to the interrogatories for over five months, despite numerous extensions granted by Daugherty and an order to compel from the Court.  Moreover, Plaintiffs' counsel has been unable to reach these plaintiffs for over a month.  Lastly, other courts in this district have found dismissal appropriate when opt-in plaintiffs in a wage-and-hour collective action fail to respond to the court's discovery orders.  *See, e.g., Arnold v. DirecTV, Inc.*, 2014 WL 3611842 (E.D. Mo. July 14, 2014).

     Accordingly, the Court dismisses, without prejudice, Plaintiffs Benson, Adjogble, Paul, and Shield from this action.

So Ordered this 26th day of January 2021.

_SL R. CR_

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**

3